ANNIE F. CUNNINGHAM v. HELEN K. STANFORD, EXECUTRIX.

Submitted March 18, 1902—Decided June 9, 1902.

1. In an action upon a promise to pay a certain amount at the expiration of two years from the making of the promise, the bar of the statute of limitations is not raised by the plea of *non assumpsit infra sex annos*. The proper plea, to raise the defence of the statute, is *actio non accrevit infra sex annos*.

2. In order to entitle a creditor to maintain an action against an executor, under section 77 of the Orphans' Court act, it is necessary for him to allege and prove that there has been a final settlement of the account of the executor, for, until such settlement is had, it is impossible to know whether or not the executor has in his hands any legacy or distributive share out of which, in accordance with the provision of this section, to pay the creditor's claim.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Vredenburgh, Wall & Van Winkle.*

For the defendant, *Cortlandt & Wayne Parker.*

The opinion of the court was delivered by

· GUMMERE, CHIEF JUSTICE. This is an action upon a promissory note made August . 1st, 1893, and payable two years after date. The plaintiff declared specially upon the defendant's promise to pay the note at its maturity, according to its tenor and effect. The defendant pleaded, among other things, as a bar to the action *non assumpsit infra sex annos*. To this plea the plaintiff replied that it was true that the promise set out in the declaration was not made within six years prior to the commencement of the suit, but that the cause of action accrued within that time. The defendant de-

murred to that replication on the ground that it constituted no answer to the plea.

In determining which of the parties is entitled to judgment on this demurrer, proper practice requires not only that the replication, but that the plea and the declaration be examined, for judgment must go against the party in whose pleading a defect of substance first appears. The declaration discloses none. The plea, however, is faulty. The plaintiff sues upon a special promise to pay a certain amount at the expiration of two years from the time of its making. On the face of her declaration her right of action did not accrue until that time had expired. Our statute requires that actions upon contract, without specialty, "shall be commenced and sued within six years after the cause of action shall have accrued, and not after." *Gen. Stat., p.* 1974, § 8. To raise the bar of the statute, therefore, the defendant should have pleaded that the cause of action did not accrue within the statutory period. The fact that the promise was made more than six years before suit brought constitutes no bar to the action. *Richman's Administrators* v. *Richman,* 3 *Halst.* 55.

The defendant must therefore fail on this demurrer.

The promise sued on is that of the defendant's testator, and she has further pleaded, in defence of the plaintiff's suit, a rule of the surrogate of Essex county limiting the time within which creditors of the decedent should put in their claims against his estate, the publication of such rule, the running out of the limited period, and the usual decree of the Orphans' Court of that county, barring all creditors who had not brought in their claims within the time so prescribed. The plea also avers that the claim now sued upon by the plaintiff was not presented within the time limited by the rule. To this plea the plaintiff replied admitting the facts set out therein, but setting up, as a matter in avoidance, that no legacy or distributive share of the estate of the decedent had been attached in the hands of the defendant, and that the personal estate in her hands as executrix is liable for the payment of a ratable proportion of the debt of the plaintiff. There was a demurrer to this replication.

The matters set up in the plea constitutes a good defence, unless the facts set out in the replication do away with their usual effect. *Young* v. *Young,* 16 *Vroom* 197. The replication is intended to be rested upon section 77 (formerly section 66) of the Orphans' Court act as revised in 1898 (*Pamph. L., p.* 742), which provides that any legacy or distributive share which shall not have been attached, in the hands of the executor or administrator or paid over to the person entitled to the same, shall, notwithstanding such decree in bar of creditors, be assets in the hands of the executor or administrator for the payment of a ratable proportion of the debt or claim of any creditor who shall not have presented the same within the time limited.

In order to take advantage of this provision it is necessary for a creditor to allege and prove that there has been a final settlement of the account of the executor, for until that has been done, it is impossible to determine whether there will remain in the hands of the executor, after satisfying those claims which were proved within the time limited by the rule to bar creditors, any moneys with which to pay the legacies or distributive shares. *O'Neil* v. *Freeman,* 16 *Vroom* 208. The replication is bad for failure to allege this. Nor is it cured by the statement that "the personal estate in the hands of the defendant as executrix is liable for the payment of a ratable proportion of the debt due to the plaintiff." This is the statement of a conclusion of law depending for its accuracy upon whether such personal estate is applicable for the payment of legacies or whether it is required for the payment of debts which are preferred to that of the plaintiff; and, as has already been stated, this fact cannot be determined except by a final settlement of the executrix's account.

The demurrer to this replication must therefore be sustained.

As each party has been partially successful, no costs will be allowed to either.